# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDUARDO ARTEAGA, et al.,

    Plaintiffs,

v.

HUTCHINS DRYWALL, INC., et al.,

    Defendants.

Case No. 2:06-CV-1177-KJD-LRL

**ORDER**

    Currently before the Court is Defendant Pulte Home Corp.'s ("Pulte") Motion for Summary Judgment and Request for Order Dismissing Class Action Allegations (#118) to which Defendants Hutchins Drywall, Inc. and Mark R. Hutchins (referred to together herein as "Hutchins") filed a Joinder (#122). Plaintiffs Eduardo Arteaga, Francisco Flores, Tomas Nava, and Jorge Murguia (referred to together herein as "Plaintiffs") filed a Response (#123), to which Pulte filed a Reply (#132). Plaintiff's Response was filed as a "Motion under Rule F.R.C.P. 56(f) for Dismissal of Pulte Home Corporation's Summary Judgment Motion and/or Motion for Suspension of the Hearing Pending Defendants' Production of Document Showing When Hutchins Worked on Pulte Projects." Though listed on the Court's docket as a Cross-Motion for Summary Judgment, the Motion, in addition to responding to Pulte's Motion for Summary Judgment, seeks that the Court dismiss Pulte's Summary Judgment Motion pursuant to Fed. R. Civ. P. 56(f) and allow for Plaintiffs to

conduct further discovery.  Pulte filed a Reply (#133) that addresses both issues.  The Court has reviewed both Motions rules on them together herein.

**I. Factual Background**

Plaintiffs Eduardo Arteaga, Francisco Flores, and Jorge Murgia filed their original Complaint on September 21, 2006, in which they alleged violations of the Fair Labor Standards Act as well as violations of N.R.S. 608.115.[1]  (Pls.' Compl. 10-12.)  The Complaint names subcontractors Hutchins Drywall, Inc., Mark Hutchins (referred to together herein as "Hutchins"), and Centennial Drywall Systems, Inc. as Defendants ("Employer Defendants").  (Id.)  The Complaint also names original contractor Pulte Home ("Pulte") as a Defendant, pursuant to N.R.S. 608.150, because Employer Defendants were allegedly subcontractors to Pulte and Plaintiffs performed work on Pulte projects as directed by Employer Defendants.  (Id. at 13,14.)  Plaintiffs allege that they worked for Employer Defendants for more than four years as drywall workers.  (Id. at 6.)

Plaintiffs allege that Employer Defendants required Plaintiffs to work more than forty hours in a workweek with no additional compensation for those hours in excess of forty hours as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207.  (Id. at 11.)  Plaintiffs further allege that Employer Defendants misrepresented to Plaintiffs that they were independent contractors, and therefore that Plaintiffs were not eligible for overtime compensation under the law.  (Id. at 7.)  Plaintiffs have not claimed a specific amount of unpaid wages that are owed, but claim this is due to Employer Defendants' lack of maintaining records of Plaintiffs' hours worked.  (Id. at 11.)  Plaintiffs further allege that they worked overtime, which was not compensated, on projects that Employer Defendants had subcontracted from Pulte.  (Id. at 14.)

Pulte's Motion for Summary Judgment avers that Plaintiffs cannot establish a *prima facie* case demonstrating that Plaintiffs worked more than 40 hours a week on Pulte construction projects. Pulte cites *inter alia* each of Plaintiffs' deposition responses indicating that none can recall with

---

[1] Though originally listed in the Complaint, the Court granted Plaintiffs' Motions to voluntarily dismiss Miguel Flores and Tomas Nava. (See ## 27 and 89.)

2

sufficient specificity which projects were worked on, whether the projects worked on were Pulte projects, where the projects were located, the number of hours spent working on each project, and/or the number of hours worked that exceeded 40 hours in a work week.

Plaintiffs, in opposition, seek that the Court grant their Rule 56(f) Motion for leave to conduct limited discovery in order to respond to Pulte's Motion.  Alternatively, Plaintiffs aver that they have alleged sufficient facts to demonstrate a factual issue as to whether Plaintiffs worked more than 40 hours in a workweek while performing labor on Pulte projects.

**II. Standard of Law**

Fed. R. Civ. P. 57(f) provides that if, in opposing a Rule 56 motion for summary judgment, a party "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may (1) deny the motion; (2) order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken; or (3) issue any other just order."   A party requesting a continuance or dismissal under to Rule 56(f) "must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment."  See, California v. Campbell, 138 F.3d 772, 779 (9th Cir. 1998).  "This includes identifying the probable facts not available and what steps have been taken to obtain these facts."  Comm. for the First Amendment v. Campbell, 962 F.2d 1517, 1522 (10th Cir.1992) (citation omitted).  Additionally, courts have held that exclusive control of information by a party seeking summary judgment "is a factor favoring relief under Rule 56(f)." See Trask v. Franco, 446 F.3d 1036 (10th Cir. 2006) (citing Price ex rel Price v. W. Res., Inc., 232 F.3d 779, 784 (10th Cir. 2000).

**III. Discussion**

Here, Plaintiffs attach the declaration of counsel Alan Crowley ("Crowley") to aver the likelihood that controverting evidence exists sufficient to defeat summary judgment.  Specifically, Crowley avers that during the time pertinent to this action, "Pulte contracted with Hutchins to paint and drywall over 33,000 homes in approximately 86 Pulte communities." (Exh. 5 to Cowley Decl., response to request No. 5.)  Plaintiffs aver that the documents they have requested will preclude

summary judgment because they will demonstrate that Hutchins employees worked on Pulte projects for sufficient consecutive periods of time to constitute overtime under the FLSA.  Plaintiffs have alleged that they regularly worked 60-70 hours per week without overtime compensation, thus according to Plaintiffs, if they can demonstrate that they worked more than 40 hours in **any** work week on a Pulte construction project without receiving overtime compensation, they can establish a *prima facie* case under the FLSA.

According to Crowley's declaration, Plaintiffs have requested discovery from Defendant Hutchins concerning when Hutchins worked on Pulte development tracts versus tracts for other developers, documents showing the progress of work, start and completion dates, the names of foremen and other agents who might have knowledge of when and how Hutchins worked on Pulte tracts versus other developer tracts, and other documents that may show when Hutchins worked on Pulte projects.  According to Plaintiffs, at the time their Motion was filed, counsel for Hutchins had agreed to turn over said discovery at a date specified.[2]  Plaintiffs also indicate that they seek to review discovery for each project that Hutchins worked.  (#137 at 4.)  Additionally, Plaintiffs aver *inter alia* that they served third party subpoenas for the same records on nine third party developers who may have used Hutchins drywall services during the relevant time period, but after conferring with Hutchins, agreed to "hold off" on demanding production of said documents until Plaintiffs had reviewed Hutchins discovery documents.

Upon review of the evidence before it, the Court finds that Plaintiffs have appropriately set forth the facts they believe further discovery will reveal, and have sufficiently explained why said facts may preclude summary judgment.

---

[2]According to Docket #137, filed January 9, 2009, Plaintiffs were able to review an "incomplete set of [Hutchins] documents" and since, have filed a stipulated protective order so Hutchins would produce further documentation it claims is confidential.

4

## IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Continue/Dismiss Pulte's Motion for Summary Judgment pursuant to Rule 57(f) (#125) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Pulte Home Corp.'s Motion for Summary Judgment and Request for Order Dismissing Class Action Allegations (#118) is **DENIED** without prejudice.

DATED this 28th day of September 2009.

_____
Kent J. Dawson
United States District Judge