# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EDUARDO ARTEAGA, *et al*.,

    Plaintiffs,

v.

HUTCHINS DRYWALL, INC., *et al*.,

    Defendants.

Case No. 2:06-CV-01177-KJD-LRL

**ORDER**

    Before the Court is the Motion for Reconsideration of the Court's Order Denying Defendant's Motion to Revoke of Defendant Pulte Home Corporation (#173). Plaintiffs have responded (#174) and Defendant has replied (#175).

    On January 21, 2011, The Court issued an Order denying Defendant's Motion to Revoke (#171). Defendant requests relief from this order under Fed. R. Civ. P. 60.

### Legal Standard

    Relief under Fed. R. Civ. P. 60 is warranted only if "extraordinary circumstances" exist. Maraziti v. Thorp, 52 F.3d 252, 255 (9th Cir. 1995), citing Ackermann v. United States, 340 U.S. 193, 199-201, 71 S.Ct. 209, 212-13, 95 L.Ed. 207 (1950); Waggoner v. R. McGray, Inc., 743 F.2d

643, 645 (9th Cir.1984).  A motion for reconsideration should not merely present arguments previously raised; that is, a motion for reconsideration is not a vehicle permitting the unsuccessful party to reiterate arguments previously presented.  See Maraziti, at 52 F.3d 255; Beentjes v. Placer County Air Pollution Control District, 254 F.Supp.2d 1159, at 1161 (E.D. Cal. 2003); Khan v. Fasano, 194 F. Supp. 2d 1134, 1136 (S.D. Cal. 2001) ("A party cannot have relief under this rule merely because he or she is unhappy with the judgment.").  In order for a party to demonstrate clear error, the moving party's arguments cannot be the same as those made earlier.  See Glavor v. Shearson Lehman Hutton, Inc., 879 F. Supp. 1028, 1033 (N.D. Cal. 1994).

Analysis

Defendant's Motion for Reconsideration is a rerun of arguments made in the papers it filed in support of its Motion to Revoke.  Defendant claims that Plaintiffs' attorneys violated ethical rules when, through the Painters Union, they contacted potential class members about completing opt-in forms prior to conditional class certification.  Defendant primarily bases its argument on Hamm v. TBC Corp., 597 F. Supp 2d 1338 (S.D. Fl. 2008).  Very early in that case, a Florida district court found that a law firm which had filed 1,437 FLSA cases in that district in the previous five years had improperly solicited clients.  In that case, the firm had one of its secretaries contact employees by telephone.  The holding in Hamm was affirmed in Hamm v. TBC Corp., 345 Fed. Appx. 406 (11th Cir. 2009).  However, the only issue on appeal was whether the sanctions imposed in the district court were broad and excessive.  The Eleventh Circuit did not consider the question of what types of contact are appropriate prior to conditional certification in a FLSA case.

Even if Defendant's argument in its Motion to Reconsider was new, and it is not, it is unpersuasive.  Defendant has cited no binding authority in any of its papers to support its contentions that Plaintiffs' actions violated ethical rules. There is no indication that Eleventh Circuit or any other, has unambiguously ruled that the type of pre-certification contact presented here constitutes an ethical violation in FLSA § 216 cases.  See e.g. West v. Mando America Corp., 2008 WL 4493422, 1 (M.D.Ala. 2008) (holding that no judicial approval is required prior to locating similarly situated

persons in FLSA § 216 action); <u>Garner v. G.D. Searle Pharm.</u>, 802 F.Supp. 418, 421 (M.D.Ala.1991) (same).  Defendant's argument in the instant Motion is indistinguishable from the one raised and rejected in its original Motion. It does not present extraordinary circumstances warranting relief under Fed. R. Civ. P. 60.  <u>Maraziti</u>, at 52 F.3d 255.

Accordingly, **IT IS HEREBY ORDERED** that Defendant's Motion for Reconsideration of the Court's Order Denying Defendant's Motion to Revoke (#173) is **DENIED**.

DATED this 11th day of July 2011.

_____
Kent J. Dawson
United States District Judge

3