JAMES E. WHITMIRE, ESQ.
Nevada Bar No. 6533
SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101
Telephone:   702/791-0308
Facsimile:    702/791-1912

*Attorneys for the Hutchins Defendants*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EDUARDO ARTIAGA, MIGUEL FLORES, FRANCISCO FLORES, THOMAS NAVA, and JORGE MURGIA, individually and on behalf of other persons similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HUTCHINS DRYWALL, INC., a Nevada corporation; MARK R. HUTCHINS, as an individual; PULTE HOMES CORPORATION, a Michigan corporation; CENTENNIAL DRYWALL SYSTEMS, INC., a Utah corporation; and DOES 1 through 10,<br><br>Defendants. | Case No.:   2:06-cv-1177-KJD-LRL<br><br>**ORDER APPROVING SETTLEMENT** |

The Joint Motion to Approve Settlement [Doc. 176] came on for hearing on July 5, 2011. Plaintiffs appeared by and through their attorney Alan Crowley, Esq. of the law firm Weinberg, Roger & Rosenfeld. The Hutchins Defendants appeared by and through their attorneys James E. Whitmire, Esq. of the law firm Santoro, Driggs, Walch, Kearney, Holley & Thompson and Mark Bailus, Esq. of the law firm Bailus, Cook & Kelesis. Rick Roskelly, Esq. of the law firm Littler Mendelson appeared on behalf of Pulte Homes Corporation.

The Court reviewed the papers and pleadings on file herein and the respective arguments of counsel. The Court also provided an opportunity for objections to be lodged to the settlement. No objections were made after inquiry by the Court during the hearing that was noticed for, and which occurred on July 5, 2011.

07657-01/754040 (2)

After due consideration to the positions articulated by those appearing at the hearing, the Court finds and concludes that:

This proposed settlement resolves a wage and hour lawsuit that has been pending since 2006. Plaintiffs allege, among other things, that Defendants misclassified them as independent contractors and exempt from overtime under the Fair Labor Standards Act ("FLSA") and state law. The court authorized collective action notice to be sent, and approximately 100 plaintiffs ostensibly joined the action.

The parties participated in multiple court supervised settlement conferences before Magistrate Judge Lawrence Leavitt in this matter.[1] Hard fought negotiations occurred between the parties, and the respective settlement positions varied dramatically. The formal settlement conferences assisted the parties in narrowing the dispute. However, a settlement was not reached.

Since the conclusion of the court supervised settlement conferences, the parties have, subject to court approval, reached *a global resolution of this matter* -- without any admission of liability which is expressly denied -- for the sum of $375,000, inclusive of attorneys' fees and costs. The Settlement Stipulation reached in this matter, with a procedure for notifying opt-in plaintiffs and distributing settlement proceeds to those opt-ins who respond, is attached hereto as **Exhibit 1**.

Settlement of FLSA claims are subject to court approval. "FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litigation, 2009 WL 3253947, 2 (D. Ariz. 2009) (citing Prater v. Commerce Equities Mgmt. Co., 2008 WL 5140045, 9 (S.D. Tex. 2008); Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350, 1353 (11th Cir. 1982)). "The court 'may approve a settlement if it reflects a reasonable compromise over issues.'" Sepracor, 2009 WL 3253947 at 2 (citing Hand v. Dionex Corp., 2007 WL 3383601, at 1 (D. Ariz. 2007); Lynn's, 679 F.2d at 1354).

---

[1] The settlement conferences occurred on or about September 15, 2009, December 16, 2009, April 1, 2010 and October 20, 2010.

07657-01/754040 (2)

The proposed Settlement reflects a good faith resolution of issues. Plaintiffs advocated that Defendants were liable for, among other things, alleged unpaid wages, liquidated damages and attorneys' fees. Defendants, on the other hand, strongly contested liability under the FLSA and alleged damages. There are genuine disputes as to, among other things, whether Plaintiffs were independent contractors,[2] whether Plaintiffs are estopped from bringing their claims based upon alleged concealment and misrepresentation of the hours they worked, whether Plaintiffs actually worked overtime and/or the extent of their alleged overtime work, the number of weeks they worked for defendants, whether the conditional collective action certification would withstand a motion for decertification, the extent to which any attorneys' fees would be awarded, and whether the Plaintiffs' claims are barred by the statute of limitations. The settlement agreement is not a product of collusion between the parties. The proposed settlement is "a fair and reasonable compromise of a bona fide dispute under the FLSA." Prater, 2008 WL 5140045, at 2.[3]

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the Joint Motion to Approve Settlement is granted in its entirety consistent, in all parts, with the relief sought in the Joint Motion. As explained in more detail above in the Court's findings, the Settlement reached in this matter is a fair and reasonable compromise of a bona fide dispute;

IT IS FURTHER ORDERED that Plaintiffs' counsel shall administer the claims process for a period of ninety (90) days;

. . .

. . .

. . .

. . .

. . .

---

[2] Defendants maintained and continue to maintain that Plaintiffs were independent contractors.

[3] As noted in the Settlement Stipulation attached hereto, the payment of Settlement Funds is a compromise, settlement and accord and satisfaction of alleged loss, damages, claims, actions, causes of actions, suits and liability, which are expressly denied, doubtful, uncertain and disputed.

07657-01/754040 (2)

IT IS FURTHER ORDERED that on or before November 1, 2011, the parties shall submit a Stipulation and Order for dismissal with prejudice, each party to bear their own attorneys' fees and costs.

DATED this __28__ day of July, 2011.

_____
UNITED STATES DISTRICT JUDGE

Submitted by:

SANTORO, DRIGGS, WALCH,
KEARNEY, HOLLEY & THOMPSON

_____
JAMES E. WHITMIRE, ESQ.
Nevada Bar No. 6533
400 South Fourth Street, Third Floor
Las Vegas, Nevada 89101

*Attorneys for the Hutchins Defendants*

Approved by:

WEINBERG, ROGER & ROSENFELD

_____
ALAN CROWLEY, ESQ.
Pro Hac Vice
1000 Marina Village Pkwy, Suite 200
Alameda, CA 94501

*Attorneys for Plaintiffs*

07657-01/754040 (2)

- 4 -